UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ :
NECTALI VASQUEZ, on behalf of himself and all    :
other persons similarly situated,                :
                                                 :
                                Plaintiff,       :
  -against-                                     :
                                                 :  **COMPLAINT**
7 STROMBOLI LLC d/b/a GINO'S OF NESCONSET,       :
GUISEPPE LICATA, JR. and MICHAEL LICATA,         :
                                                 :
                              Defendants.      :
------------------------------------------------------------------ :

      Plaintiff, NECTALI VASQUEZ ("Plaintiff"), by and through their counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, 7 STROMBOLI LLC d/b/a GINO'S OF NESCONSET ("GINO'S"), GUISEPPE LICATA, JR. and MICHAEL LICATA (collectively "Defendants") alleges as follows:

## NATURE OF THE ACTION

      1.    Defendants are engaged in the restaurant business and employed Plaintiff as an hourly paid worker to cook, prepare food and clean the premises of the restaurant. Plaintiff regularly worked more than 40 hours in a work week but Defendants failed to pay him and similarly situated persons overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

      2.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of himself and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b). Plaintiffs also bring this action to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the

supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

6. Defendants own and operate restaurants located in Northport, New York, Kings Park, New York and Nesconset, New York.

7. At all times relevant, Defendants are engaged in the restaurant business and are an integrated "enterprise engaged in commerce" within the meaning of the FLSA in that they (1) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) have and have had annual gross volume of sales of not less than $500,000.00.

8. At all times relevant, Defendants have "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

9. Defendants' restaurants require a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

10. At all relevant times, Plaintiff was a non-exempt employee of Defendants and was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

11. Plaintiff's duties included preparing and cooking food and washing dishes. In performing his duties, Plaintiff handled or worked with goods, such as grains, pork, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

12. At all times relevant, Defendants were and still are an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

13. Defendant, GUISEPPE LICATA, JR., is an owner and/or officer of GINO'S, has authority to make payroll and personnel decisions for GINO'S, and is active in the day to day management of the restaurants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

14. Defendant, MICHAEL LICATA, is an owner and/or officer of GINO'S, has authority to make payroll and personnel decisions for GINO'S, and is active in the day to day management of the restaurants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

15. At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203. At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

## STATEMENT OF FACTS

16. Plaintiff was employed by Defendants from in or about June 2011 to in or about October 2019. Plaintiff was an hourly paid worker who performed non-exempt duties for the Defendants including preparing food, cooking, washing dishes and cleaning the premises.

17. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek. Plaintiff regularly worked 6 days per week. Plaintiff's regular day off was Wednesday. Plaintiff worked from 10:00 a.m. or until at least 10:00 p.m., 5 days per week.

18. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours in a workweek. Defendants failed to pay Plaintiff premium overtime pay for time worked in excess of forty (40) hours per week. Instead, Defendants paid Plaintiff at his regular rate of pay for all hours worked, including those hours worked after 40 hours per week.

19. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

20. Throughout his employment with Defendants, Plaintiffs often worked more than 10 hours in a single day. Defendants failed to pay Plaintiff spread-of-hours pay for each day in which his spread of hours exceeded 10 hours in violation of N.Y. Comp. Codes R. & Regs. 12 §146-1.6.

21. Defendants failed to provide Plaintiff upon hire written notice in his native language of their rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 §146-2.2 and Section 195 of the New York State Labor Law.

22. Defendants failed to furnish Plaintiff with an accurate statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked,

and the number of overtime hours worked in violation of N.Y. Comp. Codes R. & Regs. 12 §146-2.3 and New York Labor Law §195(3).

23. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

24. At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

25. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and are acting on behalf of the Defendants' current and former employees' interests as well as their own interest in in bringing this action.

26. Plaintiffs seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of themselves and the following similarly situated employees: all current and former employees who worked for Defendants cooking and/or preparing food, washing dishes and/or cleaning the premises sat any time during the three (3) years prior to the filing of their respective consent forms.

27. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily

ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT: OVERTIME WAGES

28. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

30. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

31. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

32. Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

33. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate him for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of New York Labor Law.

35. By Defendants' failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

36. Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: SPREAD OF HOURS

37. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Plaintiff regularly worked a shift that exceeded 10 hours from its start to its finish including breaks.

39. Defendants willfully failed to pay Plaintiff one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of in violation of N.Y. Comp. Codes R. & Regs. 12 §146-1.6 and New York Labor Law.

40. Plaintiff is entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: WAGE NOTICE

41. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

42. Defendants failed to provide Plaintiff upon hire with written of his rate of pay and other information in violation of N.Y. Comp. Codes R. & Regs. 12 §146-2.2 and Section 195 of the New York State Labor Law.

43. Plaintiff is entitled to recover statutory damages from Defendants.

### FIFTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: WAGE STATEMENTS

44. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of in violation of N.Y. Comp. Codes R. & Regs. 12 §146-2.3 and New York Labor Law §195(3).

46. Plaintiff is entitled to recover statutory damages from Defendants.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

8

(ii)     Unpaid overtime wages, spread of hours pay and statutory damages for violations of New York Labor Law §195, liquidated damages and pre- and post-Judgment interest;

(iii)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iv)    All attorneys' fees and costs incurred in prosecuting these claims; and

(v)     Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York

LAW OFFICE OF PETER A. ROMERO PLLC

*/s/ Peter A. Romero*

By: _____
Peter A. Romero, Esq.
825 Veterans Highway, Suite B
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Gino's Pizzeria, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. This has been read to me in my native language Spanish.

_____
Nectali Vasquez

11-6-19
Date